WILLIAM D. BUSSEY, District Attorney Bayfield County
You have asked whether a county child support agency must pay a filing fee when initiating an action to compel support under section 767.08 (2), Stats. My answer is no.
Section 767.08 (1) authorizes actions by one spouse against the other to compel the payment of maintenance and support. It expressly provides that the plaintiff spouse is not required to pay a filing fee or other costs.
Section 767.08 (2) provides that where the state or a subdivision of the state has furnished "public aid" to a spouse or dependent children, and the spouse fails or refuses to file an action under section *Page 73 
767.08 (1), the state Department of Health and Social Services, a county child support agency or a person in charge of county welfare activities "shall have the same right as the individual spouse to initiate an action under this section, for the purpose of securing reimbursement for support and maintenance furnished and of obtaining continued support and maintenance."
Section 767.08 (2) does not contain the waiver-of-fee language contained in section 767.08 (1). Until recently, it was unnecessary to decide if section 767.08 (2) nevertheless should be read to exempt county child support agencies from having to pay a filing fee because counties were not required to pay fees in any civil action. Sec. 59.42 (2), Stats. (1979-80). Effective July 1, 1982, this section and several others were amended as part of a comprehensive revision of the statutes relating to court costs and fees. Section 59.42 was repealed and recreated by section 30gw of chapter 317. Instead of setting the amounts of different fees and naming the parties required to pay them, as it previously had, the statute now simply requires the clerk to collect and invest the fees prescribed in subchapter II of chapter 814 (entitled "Court Fees"), created by section 85vy of chapter 317. Newly-created section 814.61 provides in part:
 In a civil action, the clerk of court shall collect the following fees:
 (1) COMMENCEMENT OF ACTIONS. (a) At the commencement of all civil actions and special proceedings not specified in ss. 814.62 to 814.66, $40. This includes actions and proceedings commenced by a government unit as defined in s. 108.02 (28).
Sections 814.62 to 814.64, which are referenced in section 814.61
(1)(a), prescribe the fees for commencing certain specifically-named actions. Actions to compel support pursuant to section 767.08 are not mentioned. The term "government unit" includes counties and "any agency" thereof. Sec. 108.02 (28)(b), Stats. In my opinion, county child support agencies are government units within the meaning of this section. Thus, section 814.61 (1)(a), viewed alone, requires the payment of a $40 filing fee at the commencement of a section 767.08 (2) action. I have found no statute other than section 767.08 which could be read to provide otherwise. The question then becomes whether or not section 767.08 (2) itself excepts *Page 74 
county child support agencies (and other governmental plaintiffs) from the filing fee requirement.* In my opinion, it does.
Section 767.08 (1) provides that a spouse can commence an action for support without the payment of a filing fee. Section 767.08 (2) was not altered by chapter 317, Laws of 1981, and provides that the "county child support agency or the state department of health and social services shall have the sameright as the individual spouse to initiate an action under this section . . . ."
In my opinion the filing fee waiver provisions of section 767.08 (1) are applicable to a county or state agency which brings an action for support pursuant to section 767.08 (2) "on behalf of" and in place of the spouse since that is "the same right as the individual spouse has to initiate an action . . . ." This conclusion is consistent with the underlying purposes of the statute. To subrogate government plaintiffs to the rights of dependent spouses without extending the filing fee waiver provisions to such plaintiffs would only serve to undermine the statutory objective of encouraging government enforcement against delinquent spouses. Accordingly, if section 767.08 (2) is to fully accomplish its objectives, it should be read to allow governmental plaintiffs to initiate support actions without paying a filing fee.
BCL: RJV
* There is no question that this would be consistent with section 814.61 (1)(a). That section does not exclude the possibility of exceptions to the filing fee requirement. Section 767.08 (1), of course, clearly creates an exception for actions commenced by a spouse.